MILTON L. TRESTER, APPELLANT, V. WILLIAM A.
PIKE ET AL., APPELLEES.

FILED FEBRUARY 6, 1895.    No. 6049.

1. **Creditor's Bill:** HUSBAND AND WIFE: DISMISSAL. In an action to subject to the payment of her husband's debts real property held by the wife, a finding sustained by sufficient evidence that the said property was wholly acquired by means legally and equitably belonging to the wife, justified the district court in dismissing the action in so far as said property was concerned.

2. ——: ——: ——. In an action for the subjection of real property held by the wife to the payment of her husband's debts, findings sustained by the evidence, that the purchase price of said property was in part paid with the wife's own means, that there was failure of proof that the conveyance to the wife was for the purpose of defrauding creditors of her husband, and that said husband was at the time of the trial the owner of property in the county wherein the said trial was progressing, fully justified the dismissal of plaintiff's action.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*Ricketts & Wilson,* for appellant.

*H. J. Whitmore, contra.*

RYAN, C.

Appellant, having obtained judgments against William A. Pike in the county court of Lancaster county, commenced this action in the district court of said county to subject to the payment of said judgments certain real property in Germantown, Seward county, and also a certain lot in the city of Lincoln, of which property the ownership was in the wife of W. A. Pike.

One question urged is as to the competency of oral evidence to show that the judgment defendant owned property

Trester v. Pike.

subject to execution in the face of a return by the sheriff
*nulla bona.* The testimony on this point was elicited by
appellant's cross-examination, so that he has no proper
standing to question its admissibility. Without passing
upon the right of the appellant to subject in the Lancaster
county district court real property situated in Seward
county, it is needful only to say that the finding of the
said district court that the property in Germantown was
wholly acquired by means legally and equitably belonging
to the wife was amply sustained by the evidence, and that,
therefore, in any event it could not be subjected to the pay-
ment of the debts of her husband. There was a finding
that the Lincoln lot had been acquired by $200 of the
means of Hannah M. Pike, in whose name the title was
taken and that the remainder of its value was paid with the
means of her husband, W. A. Pike. There was also a
finding that the evidence failed to show that the property
described in the petition was conveyed to Hannah M. Pike
with intent to defraud the creditors of the defendant Will-
iam A. Pike. A careful reading of all the evidence con-
vinces us that this finding was correct. It was also found
by the court that W. A. Pike, at the time of the trial, had
property in Lancaster county in his own name. This
finding was predicated upon the following question and an-
swer which are found in the cross-examination of defend-
ant W. A. Pike: "Q. You never had any property of
your own in Lincoln or in Nebraska? A. Yes, sir; I have.
I have got it now. I will tell you where it is if you want
to know." The question was as to the existence of prop-
erty in Nebraska and also as to property in Lincoln.
Probably the court construed this as an inquiry as to the
existence of property in Lincoln, and on that understand-
ing of it made the finding which was made as to the exist-
ence of property in that city. So much might be implied
by a single inflection or by the emphasis of a word that
we cannot say that the finding in question was not sustained

by the evidence,—meager though it was.  It must, there-
fore, be accepted as sufficiently established by proof, first,
that there was no evidence of an intent to defraud the cred-
itors of W. A. Pike by the conveyance to his wife of the
Lincoln property, and, second, that W. A. Pike was the
owner of property in Lancaster county in his own name at
the time it was attempted to subject to the payment of his
debts the property held by his wife.  The district court,
upon the facts specially found, properly adjudged that
there was no equity in the petition of plaintiff and there-
upon dismissed his action.  Its judgment is, therefore,

AFFIRMED.